Robert J. Shapiro (RS-3220)
THE SHAPIRO FIRM, LLP
500 Fifth Avenue, 14th Fl.
New York, New York 10110
Telephone:  (212) 391-6464
rshapiro@theshapirofirm.com

*Attorneys for Plaintiff Karachi Bakery India*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------x
KARACHI BAKERY INDIA,                  :
                                       :
           Plaintiff,                  :        Civil Action No. _____
                                       :
    v.                                 :
                                       :        **COMPLAINT**
                                       :
DECCAN FOODS LLC, KIRAN KUMAR          :
POLA, individually and on behalf of    :
Deccan Foods LLC,                      :                    CM/ECF
                                       :
           Defendants.                 :
------------------------------------------------------x

Plaintiff, Karachi Bakery India **("Plaintiff"** or "Karachi Bakery") by its undersigned attorneys, for its Complaint (the "Complaint") herein alleges as follows:

## INTRODUCTION

1.      This action arises out of defendants Deccan Foods LLC ("Deccan LLC") and Mr. Kiran Kumar Pola, individually and on behalf of Deccan LLC ("Pola") (defendants Deccan LLC and Pola, collectively "Defendants") willful and fraudulent registration with the United States Patent and Trademark Office ("USPTO") of a trademark owned and used in commerce by Plaintiff.  The word mark "Karachi Bakery," unlawfully registered by Defendants in the name of Deccan LLC, is the name under which Plaintiff has sold its baked goods internationally since 1953, including in the United States since 2007.  Defendants Deccan LLC and Pola wrongfully

1

submitted Plaintiff's packaging label to the USPTO as alleged proof of Defendants' use in commerce, fraudulently claiming it as their own.  Plaintiff, which is and will continue to be damaged by the mark's Registration by Defendants, seeks cancellation of U.S. Trademark Registration No. 4,331,059 for the mark "Karachi Bakery," as well as damages and its attorneys' fees resulting from this wrongful registration and Defendants' fraud on the USPTO and a permanent injunction barring Defendants from using the mark.

## JURISDICTION AND VENUE

2.  The claims set forth in all Counts below arise under the Lanham Trademark Act 15 U.S.C. §§ 1051 et. seq.  (the "Lanham Act").  Accordingly, this Court has federal question jurisdiction over the subject matter of this claim pursuant to 15 U.S.C. §§1119, 1120, and 1121 and 28 U.S.C. §§ 1338(a).

3.  Venue in this district is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims asserted herein occurred in the district.

4.  Alternatively, venue in this district is proper under 28 U.S.C. § 1391(b)(3) because Defendants are subject to the court's personal jurisdiction with respect to the instant action.

## PARTIES

5.  Plaintiff Karachi Bakery is a partnership organized under the laws of the Country of India and currently has its principal place of business at 6-3-190/1 Karachi Bakery Office, 1st Floor, 101 Khanchand Towers, Banjara Hills, Hyderabad, India.

6.  Plaintiff conducts business in this district by exporting its Karachi Bakery products through its customer and authorized United States importer Sairam Imports, Inc., located at 24 Melvin Avenue, Iselin, New Jersey ("Sairam NJ").

7.     Defendant Deccan LLC is a limited liability company organized under the laws of the State of Arizona, and has its principal place of business at 5151 East Guadalupe Road, Unit 1086, Phoenix, Arizona 85044.

8.     Deccan LLC has tortuously interfered with and threatened baseless litigation against Plaintiff's importer in this district, threatened to seek an injunction preventing Plaintiff's importation of product in and through this district and, on information and belief, has transacted business in this district.

9.     Defendant Pola, is, upon information and belief, a resident of India living in Arizona, USA, and a principal and majority owner of both Defendant Deccan LLC (based in Phoenix, Arizona) and its sister company - India-based Deccan Grainz Private Limited ("Deccan Grainz").

10.    Pola, on information and belief, directed his company Deccan Grainz in India to obtain and export Plaintiff's product to his United States importer company defendant Deccan LLC.

11.    Pola also defrauded the USPTO by misrepresenting material facts and signing the Application that is the basis for this action.

12.    Finally, Pola, on behalf of Deccan LLC and on information and belief, also at the behest and for the benefit of Deccan Grainz, tortuously interfered with and threatened baseless litigation against Plaintiff's importer in this district, threatened to seek an injunction preventing Plaintiff's importation of product in and through this district and, on information and belief, has transacted business in this district.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

### The "Karachi Bakery" Mark

13. Plaintiff Karachi Bakery has been producing and selling baked goods under the "Karachi Bakery" mark since 1953.

14. On July 16, 2004, a trademark application for the "Karachi Bakery" mark was submitted to the Government of India, Trade Marks Registry, by the Plaintiff through one of its partners and representatives, Lekhraj Ramnani, on behalf of Plaintiff Karachi Bakery.

15. On March 31, 2009, Plaintiff received a Certificate of Registration, No. 1297699, for the mark "Karachi Bakery" from the Government of India, Trade Marks Registry (see, Exhibit A attached hereto, and incorporated herein).

16. Plaintiff has submitted an additional fifteen (15) India trademarks for the "Karachi Bakery" mark that have been approved by the Government of India, Trade Marks Registry, but have yet to formally register.

17. In September, 2014, the Plaintiff submitted an additional nine (9), separate trademark applications to the Government of India for the "Karachi Bakery" mark.

18. Plaintiff also has one Registration in the United Kingdom for the "Karachi Bakery" mark, and it has also submitted several other international applications for the "Karachi Bakery" mark in the countries of: Australia, Canada, Dubai, and New Zealand.

### Plaintiff's Export of "Karachi Bakery" Products to the U.S.

19. At least as early as 2007, Plaintiff began exporting its baked goods under the Karachi Bakery mark to the United States through Karachi Corporation, its wholesale and trading division and Sai Baba, Inc., its manufacturing division.

20. At lease as early as November 2009 through late 2012, Plaintiff exported its "Karachi Bakery" brand baked goods into the United States through a few different third-party importers located in the United States.

21. At least as early as December 2012, and continuing to present, Plaintiff exported its "Karachi Bakery" brand baked goods to the United States, and such goods were imported into and sold in the United States by Sairam NJ, a company with its principal place of business in Iselin, NJ.

### Deccan Grainz (India) Export to Defendant Deccan Foods in the United States

22. Beginning with its first transaction on September 06, 2012, Plaintiff began selling its "Karachi Bakery" brand baked goods to Deccan Grainz in India. Deccan Grainz is the Indian sister company of U.S. based Defendant Deccan LLC. Deccan Grainz is listed on the Deccan LLC's website at http://www.deccanfoodsllc.com/contact.html as its Indian contact. These baked goods were, on information and belief, at the direction of Pola, imported into the United States from Pola's company Deccan Grainz to his United States sister entity defendant Deccan LLC.

23. Neither of the Defendants, nor Deccan Grainz, have ever had an exclusive right to sell Plaintiff's product under the Karachi Bakery mark.

24. The product supplied to Deccan Grainz is produced and pre-packaged in India by Plaintiff bearing the Plaintiff's Karachi Bakery mark and labels.

**Defendants' Fraudulent Trademark Registration**

25. On or about July 31, 2012, without Plaintiff's knowledge or authorization, Defendants, in the name of Pola and Deccan LLC, filed an application with the USPTO to register the standard word mark "Karachi Bakery," identifying "Biscuits; Cakes; Chocolate; Sweets" as the goods for which the mark was being registered (hereinafter the "Application").

26. Defendant Pola identified the date of the first use and first use in commerce of "Karachi Bakery" as February 3, 2012 (although the first transaction with the Plaintiff was subsequent on September 06, 2012), which is approximately, upon information and belief, around the same time Pola began exporting and importing Plaintiff's "Karachi Bakery" brand products into the United States.

27. Plaintiff had been using the mark "Karachi Bakery" for almost sixty (60) years and had been using the mark "Karachi Bakery" in commerce in the United States, through various importers in the U.S. for some five (5) years prior to Defendants Pola and Deccan LLC's alleged first use.

28. Defendants Pola and Deccan LLC submitted as proof of its alleged use in commerce, copies of the Plaintiff's packaging label of Plaintiff's "Karachi Bakery" brand Fruit Biscuit bakery product.

29. Upon information and belief, defendants Pola and Deccan LLC submitted no evidence of the use of the mark "Karachi Bakery" in commerce other than the packaging of Plaintiff's own goods.

30. Defendants knew, and know to this day, that neither of them were the rightful owner of the mark "Karachi Bakery."

31. Defendants knew that Plaintiff and its authorized companies through whom Plaintiff's products under the "Karachi Bakery" mark are imported, are entitled to use the "Karachi Bakery" mark in commerce.

32. Despite the above, on or about July 30, 2012, defendant Pola in the USPTO Application for the "Karachi Bakery" mark, personally and on behalf of Deccan LLC declared, that "to the best of his [ ] knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce...."

33. The Application was approved by the USPTO, and the mark "Karachi Bakery" was wrongfully Registered on Defendants' behalf on May 7, 2013 bearing U.S. Registration No. 4,331,059 (see, Exhibit B attached hereto, and incorporated herein).

### Defendants' Tortious Interference with Plaintiff's Customers

34. Plaintiff first became aware of Deccan LLC's trademark Application and registration in May 2014, when Defendants' counsel sent Plaintiff's authorized US importer Sairam NJ, at its offices in Iselin, New Jersey a "cease and desist" letter (see, Exhibit C attached hereto, and incorporated herein).

35. In the cease and desist letter, Deccan LLC notified Sairam NJ of the Registration and demanded discontinuance of all "unauthorized" use of the mark "Karachi Bakery" "immediately," threatening an action for an injunction and monetary damages for infringement and dilution, as well as the seizure of goods bearing the Karachi mark by U.S. Customs.

36. The cease and desist letter acknowledges that the Karachi Bakery mark that Deccan LLC has registered is "in all material aspects indistinguishable from" Plaintiff's goods sold by Sairam NJ in this district.

37.     Sairam NJ immediately thereafter contacted Plaintiff and advised them of Defendants' wrongful actions, an internal investigation ensued, followed by the commencement of the instant action.

## COUNT I

### Declaratory Judgment for Cancellation of Trademark
### Likelihood of Confusion With Previously Used Mark - 15 U.S.C.§1052(d)

38.     Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 37.

39.     Plaintiff has been using the mark "Karachi Bakery" since 1953 in association with its manufacture and sale of baked goods.

40.     Plaintiff has used the mark "Karachi Bakery" in the United States since 200, and since 2012 to sell its "Karachi Bakery" brand products through importer Sairam NJ in interstate commerce.

41.     Plaintiff has used the mark "Karachi Bakery" in commerce in the United States for some five (5) years prior to what defendant Deccan LLC has claimed as its first "use."

42.     Defendant Deccan LLC's only and more recent "use" in the United States arises out of Defendants' importation and sale of Plaintiff's own pre-packaged product, bearing the mark that Plaintiff created and has been using for decades overseas.

43.     Plaintiff has standing to bring this Declaratory Judgment action seeking cancelation of Deccan LLC's trademark registration pursuant to the Lanham Act, (15 USC §1064 & 1119) and Declaratory Judgment Act, (28 USC §2201(a)), because Plaintiff owns the mark "Karachi Bakery," has for more than sixty (60) years sold baked goods under the "Karachi

Bakery" mark, has used the mark in commerce in the United States since 2007, and continues to use the subject mark.

44. In addition, Deccan LLC has recently contacted and threatened Plaintiff's importer Sairam NJ, of Iselin, New Jersey, with a cease and desist letter asserting trademark infringement and has threatened to prevent the further export and import of Plaintiff's goods by Defendants' competitors by requesting the seizure of such goods by U.S. Customs. Based on these threats, therefore, the threat of an infringement lawsuit by Defendants is real and reasonable.

45. In May, 2013, defendant Deccan LLC and Pola registered the mark "Karachi Bakery" with the USPTO, Registration No. 4,331,059. The mark was registered for the "Biscuits; Cakes; Chocolate; Sweets," the identical goods for which Plaintiff has been using the "Karachi Bakery" mark since 1953, and in the United States since 2007.

46. Plaintiff was the first to use the mark "Karachi Bakery" in commerce in the United States, and has exported its bakery products to Sairam NJ for sale in the United States beginning in 2012.

47. Plaintiff has not abandoned the mark "Karachi Bakery," but continues to export goods under that mark through its United States importer Sairam NJ of Iselin, New Jersey.

48. Any use of the mark "Karachi Bakery" by Defendants in connection with Biscuits; Cakes; Chocolate; Sweets," would cause confusion between the goods of Plaintiff and those of Defendants such that its registration should have been refused under 15 U.S.C.§1052(d).

49. Plaintiff requests declaratory relief canceling Deccan LLC's U.S. Trademark Registration No. 4,331,059 on the grounds that such Registration should have been refused under 15 U.S.C. §1052(d).

## COUNT II

### Declaratory Judgment for Cancelation of Trademark
### Defendants Are Not the Owner of the Mark -- 15 U.S.C. §1051(a)

50. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 49.

51. The mark "Karachi Bakery" was a mark created by Plaintiff.

52. None of the Defendants created the mark "Karachi Bakery."

53. Plaintiff had, at most, permitted Defendants solely the right to sell, or re-sell its goods bearing the mark "Karachi Bakery."

54. Plaintiff did not grant to Deccan LLC or its sister company Deccan Grainz, any right in the ownership of the trademark "Karachi Bakery," when Pola's companies purchased product for export and import into the United States.

55. Plaintiff did not grant to Deccan LLC or its sister company Deccan Grainz, an exclusive right, or any right for that matter, to use the trademark "Karachi Bakery," when Pola's companies purchased product for export and import into the United States.

56. Because Defendants have never owned the mark "Karachi Bakery," the mark did not meet the requirements of 15 U.S.C §1051(a), permitting only registration of trademarks by "the owner of a trademark" – here the Plaintiff.

57. Plaintiff requests declaratory relief canceling defendant Deccan LLC's U.S. Trademark Registration No. 4,331,059 on the grounds that such mark did not meet the requirement of 15 U.S.C. §1051(a) that the mark be registered by "the owner of a trademark."

## COUNT III

### Declaratory Judgment for Cancelation of Trademark
### Registration Procured by Fraud on the Patent Office – 15 U.S.C. §1064

58. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 57.

59. At the time of the trademark Application, Defendants knew that the packaging submitted as specimen evidence in support of Deccan LLC's Application was not evidence of a mark created and owned by Defendants, but were, in fact, from products manufactured and placed into commerce by Plaintiff.

60. At the time of the trademark Application, Defendants knew that only Plaintiff had the right to use the mark "Karachi Bakery" in commerce, yet Deccan LLC and Pola misrepresented on the Application that they knew of no other entities having a right to use the mark.

61. Deccan LLC and Pola intended to deceive the USPTO with its false representations.

62. As a result of the USPTO's reliance on these misrepresentations, Plaintiff was damaged. Defendants have used the Registration as evidence of its alleged ownership in the mark in communications with Plaintiff's customers, injuring Plaintiff's business reputation. In addition, Plaintiff is forced to expend attorney's fees to defend itself against the fraudulent registration, to respond to customer concerns regarding Defendants' false claims and to protect Plaintiff's ownership in its mark "Karachi Bakery."

63. Because Deccan LLC's registration was obtained fraudulently, the Registration of the mark should be canceled pursuant to 15 USC § 1064.

64. Plaintiff requests declaratory relief canceling U.S. Trademark Registration No. 4,331,059 on the grounds that such mark was obtained fraudulently.

## COUNT IV

### Damages for False or Fraudulent Registration – 15 U.S.C. §1120

65. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 64.

66. Defendants Deccan LLC and Pola knowingly misrepresented to the USPTO that Deccan LLC was the owner of the mark "Karachi Bakery", when in fact Plaintiff was the only owner and authorized user of the mark.

67. Deccan LLC and Pola knowingly misrepresented to the USPTO that Plaintiff's packaging from Plaintiff's own product was specimen evidence of Deccan LLC's use of the mark in commerce.

68. Deccan LLC and Pola knowingly misrepresented that no one other than they have the right to use the mark "Karachi Bakery" in commerce, when in fact Plaintiff and its resellers had such right.

69. As the ownership of the mark is an essential part of the trademark Application, the USPTO relied upon Deccan LLC and Pola's misrepresentations concerning its exclusive right to use the mark when issuing the Registration. Had the USPTO known the truth about Plaintiff's ownership and right to use the mark, the Registration for the mark would not have issued.

70. Deccan LLC and Pola intended to deceive the USPTO with its false representations.

71. Deccan LLC and Pola, on information and belief, applied for registration of the mark "Karachi Bakery" as part of Defendants' plan and scheme to institute vexatious litigation, prevent Plaintiff from selling to its other U.S. customers and distributors, in an attempt to take over all of Plaintiff's United States business.

72. As a result of the USPTO's reliance on Deccan LLC's and Pola's material misrepresentations, Plaintiff has been and will be further damaged. Defendants have used the Registration as evidence of its alleged ownership in the mark in communications asserting infringement by Plaintiff's New Jersey-based importer, injuring Plaintiff's business reputation. In addition, Plaintiff is expending attorney's fees to defend itself against the fraudulent Registration, to respond to customer concerns regarding Defendants' false claims and to protect Plaintiff's ownership in its mark "Karachi Bakery."

73. Because Deccan LLC's Registration was obtained fraudulently, and Plaintiff incurred damages as a result of the fraudulently procured registration and Defendants' scheme to use such Registration to cause Plaintiff harm to its United States business, Plaintiff is entitled to recover those damages from Defendants pursuant to 15 U.S.C. §1120.

## COUNT V

### Attorney Fees – 15 U.S.C. §1117(a)

74. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 73.

75. Deccan LLC and Pola's use of Plaintiff's packaging and misrepresenting them as its own in its trademark Application, was deliberate, willfully deceptive and unconscionable.

76. Defendants' scheme to threaten a trademark infringement suit against Plaintiff's customers claiming damages and threatening injunctions and U.S. Customs seizures, despite Defendants being, at most, a re-seller of Plaintiff's products bearing Plaintiff's own mark, is in bad faith.

77. Defendants' scheme to harm Plaintiff's business by threatening a trademark infringement suit against Plaintiff's United States importer, Sairam NJ, based upon a trademark registration procured by fraud, is in bad faith.

78. Defendants' scheme to contact Plaintiff's New Jersey-based importer alleging trademark infringement and related claims based upon a registration that was knowingly obtained by material misrepresentation and fraud, is bad faith and unconscionable behavior.

79. Because of Defendants' bad faith, fraud and malice, this declaratory judgment action is an exceptional case such that Plaintiff is entitled to attorney's fees under 15 U.S.C. §1117(a), costs and disbursements, in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Karachi Bakery India, prays for the following relief with respect to its Complaint:

(1) A declaratory judgment ordering the cancelation of U.S. Trademark Registration No. 4,331,059 for the "Karachi Bakery," trademark;

(2) Judgment ordering that Defendants be required to pay Plaintiff damages in an amount to be determined at trial, but believed to be in excess of $1,000,000.00;

(3) Judgment ordering that Defendants be required to pay Plaintiff's attorneys' fees, costs and disbursements of this action;

(4) Judgment ordering a permanent injunction against Defendants requiring them to, directly and indirectly cease and desist from any and all use of the mark "Karachi Bakery" or anything similar thereto; and

(5) Such other and further relief that the Court deems just and proper.

Dated:  New York, New York
         September 09, 2014

                                              THE SHAPIRO FIRM, LLP


                                              By:  s/*Robert J. Shapiro, Esq.*
                                                   Robert J. Shapiro (RS-3220)
                                              500 Fifth Avenue, 14th Fl.
                                              New York, New York 10110
                                              Tel. (212) 391-6464
                                              Fax. (212) 719-1616
                                              rshapiro@theshapirofirm.com

                                              *Attorneys for Plaintiff Karachi Bakery India*

Jonathan S. Shapiro, Esq., *Of Counsel*