UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**JOHN MICHAEL VAZQUEZ**<br>**UNITED STATES DISTRICT**<br>**JUDGE** | **FRANK R. LAUTENBERG**<br>**POST OFFICE AND**<br>**COURTHOUSE**<br>**2 FEDERAL SQUARE, ROOM 417**<br>**NEWARK, NJ 07102**<br>**973-297-4851** |

April 6, 2016

VIA ECF

### LETTER OPINION AND ORDER

Re:   **Karachi Bakery India v. Deccan Foods LLC, Kiran Kumar Pola, individually and on behalf of Deccan Foods LLC, and Manoj Ramnani**
**Civil Action No. 14-5600**

Dear Litigants:

The Court has reviewed Defendants Deccan Foods LLC, Kiran Kumar Pola, individually and on behalf of Deccan Foods LLCs' ("Defendants") Motion to Dismiss the First Amended Complaint. D.E. 43. For the reasons stated below, the Court is denying without prejudice Defendants' Motion to Dismiss, with the right to refile following limited jurisdictional discovery.

Plaintiff originally filed a complaint for declaratory relief, injunctive relief, and damages on September 9, 2014, against Defendants Deccan Foods LLC and Kiran Kumar Pola, individually and on behalf of Deccan Foods LLC. D.E. 1. On January 7, 2015, Defendants answered Plaintiff's Complaint. D.E. 10. On December 23, 2015, Plaintiff filed a First Amended Complaint, joining Manoj Ramnani ("Defendant Ramnani") as a Defendant as well as adding two additional claims. D.E. 35. Defendants now move to dismiss Plantiff's First Amended Complaint. D.E. 43. Defendants' primary allegation is that this Court lacks jurisdiction since Defendants have assigned their rights in the trademark at issue to Defendant Ramnani, removing them from the jurisdiction of this Court. Plaintiff contends that the assignment itself was invalid, and asks this Court to allow the suit to continue against the original parties, as permitted by Fed. R. Civ. P. 25(c).[1]

This case centers around an acquisition by Defendants of the KARACHI BAKERY trademark and alleged assignment of such trademark to Defendant Ramnani. The following alleged facts are derived from Plaintiffs' First Amended Complaint. D.E. 35. Plaintiff, an Indian

---

[1] Federal Rule of Civil Procedure 25(c) states, "[I]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party."

partnership, has been selling baked goods under the name KARACHI BAKERY since 1953, and in the United States since 2007. In 2012, Defendants began importing products produced and packaged in India by Plaintiff, which bore the KARACHI BAKERY mark. Plaintiff characterizes Defendants' rights as a non-exclusive license. Subsequently, Defendants applied for and acquired the trademark "KARACHI BAKERY" from the United States Patent and Trademark Office ("USPTO"). Plaintiff claims that the trademark acquisition was wholly improper, in particular because Defendants' application to the USPTO included copies of Plaintiff's packaging label as proof of Defendants own use in commerce. Plaintiffs further claim that Defendants, with full knowledge that they were not the rightful owner of the mark, declared that "to the best of his [ ] knowledge and belief no other person, firm corporation, or association has the right to use the mark in commerce …" D.E. 35, at 8. After the USPTO granted Defendants' application, Defendants' counsel sent a cease and desist letter to another authorized U.S. importer, located in New Jersey, of Plaintiff's goods. The letter demanded discontinuance of any unauthorized use of the KARACHI BAKERY mark and threatened an action for injunction and monetary damages for infringement and dilution, as well as the seizure of goods bearing the KARACHI BAKERY mark by U.S. Customs. In response to this letter, Plaintiffs filed the instant lawsuit. After initiation of the present lawsuit, Defendants purportedly assigned their rights to the trademark to Defendant Ramnani. A critical issue in the pending motion to dismiss is whether the purported assignment was a valid, arms-length transaction sufficient to defeat subject matter jurisdiction as between the parties. D.E. 1, at 1-2.[2]

Defendants advance the argument that, due to their assignment of the trademark at issue, there is no case or controversy between Defendants and Plaintiff. Therefore, Defendants claim, this Court lacks subject matter jurisdiction. In support of this position, Defendants advance *E.J. Breneman, LP v. Rd. Sci. LLC*, 2012 WL 406346 (E.D. Pa. Feb. 9, 2012) ("*Breneman*"), as being instructive on this issue. D.E. 47, at 4. *Breneman* involved a disputed assignment of a patent during the pendency of the litigation, and discussed whether an assignment to a third party effectively removed jurisdiction between the litigants.[3] After granting the parties' limited discovery, the *Breneman* court found that the patent assignment was at arms-length, for good and valuable consideration, and a non-collusive assignment to a third party. As a result, the court in *Breneman* granted the motion to dismiss for lack of subject matter jurisdiction. *Id*. at *5-6.

In its analysis, the *Breneman* court cited *Trend Micro Corp. v. Whitecell Software*, No. 10-2248, 2010 WL 4722504 (N.D. Cal. Nov. 15, 2010) ("*Trend I*") and *Trend Micro Corp. v. Whitecell Software*, No. 10-2248, 2011 WL 499951 (N.D. Cal. Feb. 8, 2011) ("*Trend II*"), in which the Defendant moved to dismiss Plaintiff's claims for lack of subject matter jurisdiction after Plaintiff had assigned the patent at issue following the initiation of the lawsuit. The *Trend I* Court,

---

[2] Defendants characterize this case as a "family dispute" between Plaintiff and Defendant Ramnani. D.E. 47, at 1. Plaintiff's alleged facts suggest otherwise. Specifically, once Defendants improperly applied for and obtained the KARACHI BAKERY trademark and thereafter sent the cease-and-desist letter, Defendants may have directly inserted themselves into the dispute.

[3] Patent and trademark assignments are analyzed under the same framework. *See Commerce Bancorp, LLC v. Hill*, No. 08-5628, 2010 WL 2545166, at *7 (D.N.J. June 18, 2010) (analyzing all assignments in interest under the same analysis).

in recognizing the possibility of a collusive maneuver, ordered additional investigation, thereby denying the motion to dismiss pending jurisdictional discovery on the issue of whether the patent assignment was proper and non-collusive. *Trend I*, at *5-6. Ultimately, the *Trend II* Court concluded that the assignment was a non-collusive and an arms-length transaction, thereafter granting defendants' motion to dismiss. *Trend II*, at *5.

Here, the Court does not have a sufficient factual record to determine whether the assignment at issue was at arms-length and for valuable consideration as opposed to being either improper or collusive. The Court therefore orders limited jurisdictional discovery on the issue of whether the assignment was an arms-length transaction for good and valuable consideration, or whether it was the result of impropriety or collusion.

The Court **DENIES WITHOUT PREJUDICE** Defendants' motion to dismiss, with the right to refile after limited jurisdictional discovery. The jurisdictional discovery will be overseen by the Magistrate Judge.

**SO ORDERED.**

_____
**JOHN MICHAEL VAZQUEZ**
**UNITED STATES DISTRICT JUDGE**

3